**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| LA'MARCUS TRUITT, by and<br>Through his natural mother<br>And next friend, ANGELA LEWIS<br>and ANGELA LEWIS | PLAINTIFFS |
| V. | CASE NO. 2:04CV20 |
| JOHN MASON, in his individual capacity and<br>in his official capacity as a policy officer for<br>THE CITY OF SHAW, MISSISSIPPI;<br>BOBBY WALKER, in his individual capacity and<br>in his official capacity as a policy officer for<br>THE CITY OF SHAW, MISSISSIPPI; and<br>THE CITY OF SHAW, MISSISSIPPI | DEFENDANTS |

## MEMORANDUM OPINION

This cause comes before the Court on the motion of the defendants for partial summary judgment [27-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs include La'Marcus Truitt, a minor residing in Shaw, Mississippi and a student in the Shaw Public School District, and his mother Angela Lewis, who has brought this suit both as La'Marcus's representative and in her own capacity. The defendants include John Mason and Bobby Walker, both of whom are police officer for Shaw, Mississippi and who are being sued in both their individual and official capacities, and the City of Shaw itself ("the City").

On April 1, 2003,[1] La'Marcus was heading home from school when he came upon a large group of children congregated together to watch two female students fight one another. At the same

---

[1] For the purposes of this opinion, the Court accepts the facts as outlined in the complaint as true, including several statements about the conduct of Mason and Walker which they deny.

time, Officers Mason and Walker arrived on the scene and began attempting to detain several of the children. Officer Mason called La'Marcus over to him, and La'Marcus started to comply. However, Mason then allegedly made the statement that he would "hurt this little motherfucker when I get him back to the station." On a previous occasion, La'Marcus had apparently witnessed his brother being handcuffed and whipped with a belt by Officer Walker, and, frightened of being subjected to similar treatment, La'Marcus fled.

The two officers gave chase and tracked La'Marcus to his hiding place in a ditch, where the officers began to kick him while he remained on the ground. They then began pulling him in opposite directions, despite the fact that his leg was stuck in a hole in the ground and despite his screams of pain. The officers successfully pulled La'Marcus from the hole, breaking his leg in two places in the process. La'Marcus was never charged with any crime, nor was he armed or in any other way a threat to the officers' safety. The officers did not provide La'Marcus with any medical assistance, and La'Marcus remained on the ground with a broken leg until a family member called for medical assistance.

La'Marcus, represented by his mother Angela Lewis, later filed this action in the Bolivar County Circuit Court, alleging counts against the officers for (1) violation of La'Marcus's rights under the Fourth, Eighth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983 (2) assault and battery, (3) intentional infliction of emotional distress, (4) conspiracy to violate La'Marcus's constitutional rights in violation of 42 U.S.C. § 1985(3) and (5) negligence and gross negligence. The complaint further alleges counts against the City for (1) deprivation of La'Marcus's constitutional rights, (2) negligent training and supervision and (3) negligent hiring and retention. The complaint seeks compensatory damages in general and punitive damages against Mason and

2

Walker in their individual capacities. The defendants have since removed the case to federal court, and now seek partial summary judgment.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The defendants first argue that the plaintiffs have failed to demonstrate a municipal policy which caused the alleged constitutional violation. A locality cannot be held liable under § 1983 solely under a respondeat superior theory. Doe v. Dallas Independent School Dist., 153 F.3d 211, 215 (5th Cir. 1998). Such a municipality may only be liable under § 1983 "when (1) the enforcement of a municipal policy or custom was (2) the 'moving force' of the violation of federally protected rights." Doe, 153 F.3d at 215 (citations omitted).

In the case at bar, the plaintiffs allege that the City maintained a policy of permitting the use of excessive force. In support of this allegation, the plaintiffs point to testimony by Officer Mason

admitting that he had whipped a minor child with a belt at police headquarters and stating that Officer Walker had also whipped La'Marcus's twin brother Ja'Marcus with a belt not long before the incident in which La'Marcus was injured. The defendants acknowledge that police officers for the City have on at least two occasions whipped minor children with belts at the police station (apparently with the permission of parents or guardians) but deny that this constitutes a "custom or policy" under § 1983. The clear implication of Officer Mason's testimony is that the City (through the mayor and the chief of police) were aware of these incidents of corporal punishment administered by on-duty police officers and tolerated such actions as long as there was parental consent. Accordingly, the Court is persuaded that a custom or policy existed. Whether this custom or policy was a moving force which led to La'Marcus's injuries is a question for the jury and not an appropriate issue for resolution by summary judgment.

The defendants next argue that the plaintiffs cannot establish that the City failed to adequately train or supervise Officers Mason and Walker. "[T]he failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." City of Canton v. Harris, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.3d 412 (1989). In certain situations, § 1983 liability may arise from the failure to train a specific individual rather than a municipal policy of not training its deputies generally. Brown v. Bryan County, OK, 219 F.3d 450, 457-58 (5th Cir. 2000). The Court is persuaded that disputed issues of fact preclude summary judgment on this point, including but not limited to the question of how much training Officer Mason received and whether the City was justified in permitting someone with his training to function as a police officer.

The plaintiffs concede that they have no evidence to support their claims under § 1985(3) and

the Eighth Amendment, and summary judgment is granted on this issue. The defendants concede that genuine issues of material fact preclude summary judgment as to the plaintiffs' state law claims of assault and battery, negligence and intentional infliction of emotional distress.

The defendants next argue that the City is entitled to summary judgment on the plaintiffs' negligent hiring and retention claims. As the defendants note, these claims are governed by Mississippi law, which states that an employer is only chargeable with knowledge of the incompetency of an employee "if by the exercise of due or reasonable care or diligence he could have ascertained such incompetence." Johnson v. Miss. Dept. of Corrections, 682 So.2d 367, 370 (Miss. 1996)(quoting Eagle Motor Lines v. Mitchell, 78 So.2d 482, 487 (Miss. 1955). The plaintiffs have presented no evidence supporting the contention that the City knew or should have known that Mason and Walker were incompetent, and if fact, the plaintiffs did not even respond on that point. Accordingly, summary judgment is granted.

Finally, the defendants challenge Angela Lewis's standing to seek damages in her individual capacity, arguing that while Lewis is free to sue as Ja'Marcus's representative, she has not personally suffered any injury-in-fact. In order to have standing to pursue a claim in federal court, a plaintiff must satisfy three criteria:

> (1) there must be an "injury in fact," i.e. a legally protected interest which is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical;
>
> (2) the alleged injury must be fairly traceable to the challenged action of the defendant; and
>
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351

(1992). The complaint itself reflects only one count in which Lewis seeks damages for herself as opposed to Ja'Marcus. Specifically, the negligence claims against the two officers seek damages incurred by the plaintiffs for medical expenses, hospital expenses, lost wages and lost employment opportunities. The Court is satisfied that Lewis's lost wages and lost employment opportunities constitute an injury in fact fairly traceable to the alleged conduct of the defendants which may certainly be redressed by a favorable decision. Accordingly, the Court finds that Lewis has standing to bring those particular claims in her individual capacity.

## CONCLUSION

In conclusion, based on the foregoing analysis, the Court finds that summary judgment is proper and should be **GRANTED** as to

(1) the plaintiffs' claims brought under 42 U.S.C. § 1985(3);

(2) the plaintiffs' claims brought pursuant to the Eighth Amendment; and

(3) the plaintiffs' negligent hiring and retention claims.

The motion for summary judgment is otherwise **DENIED**. A separate order to that effect shall issue this day.

This is the 18th day of April, 2005.

                                               **/s/ Michael P. Mills**
                                               **UNITED STATES DISTRICT JUDGE**